Filed 7/8/14  P. v. Shine CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059336 |
| v. | (Super.Ct.No. RIF1300214) |
| MICHAEL GILBERT MUNOZ SHINE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  J. Thompson Hanks, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Michael Gilbert Munoz Shine pled no contest to one count of possession of a controlled substance, to wit,

1

heroin, (Health & Saf. Code, § 11350, subd. (a)),[1] as a lesser included offense of possession of a controlled substance for sale (§ 11351). Defendant also admitted that he had suffered one prior strike conviction (Pen. Code, §§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)(1)). In exchange, the remaining allegations were dismissed, and defendant was sentenced to a stipulated term of four years in state prison with credit for time served. Defendant appeals from the judgment. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2012, defendant unlawfully possessed a usable quantity of heroin in the County of Riverside.

On May 14, 2013, a first amended felony complaint was filed, charging defendant with possession for sale of heroin (§ 11351; count 1) with a prior drug-related conviction (§ 11370.2, subd. (a)); possession for sale of Dolophine-Methadone (§ 11351; count 2) with a prior drug-related conviction (§ 11370.2, subd. (a)); possession for sale of Clorazapam (§ 11375, subd. (b)(1); count 3); possession of ammunition by a felon (Pen. Code, § 30305, subd. (a); count 4); and possession of a nunchaku (Pen. Code, § 22010; count 5). The amended complaint also alleged that defendant had suffered one prior serious and violent felony strike conviction for attempted robbery (Pen. Code, §§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)(1)).

_____

[1] All future statutory references are to the Health and Safety Code unless otherwise stated.

2

On May 23, 2013, defendant pled no contest to possession of heroin (§ 11350, subd. (a)), as a lesser included offense of count 1, and admitted that he had suffered one prior strike conviction (Pen. Code, §§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)(1)); in return, the remaining allegations would be dismissed and defendant would be sentenced to a stipulated term of four years in state prison with credit of 104 days for time served. After examining defendant, the trial court found the plea was entered into freely and voluntarily and that defendant knowingly and intelligently waived his rights. Defendant thereafter requested to be immediately sentenced. Defendant was sentenced in accordance with his plea agreement and awarded 104 days credit for time served.

On July 29, 2013, defendant filed a notice of appeal, alleging ineffective assistance of counsel, and requested a certificate of probable cause. The trial court denied the request for certificate of probable cause.

II

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.